■ BOARD OF EDUCATION OF THE CITY OF NEW YORK et al. v RITA RUTHERFORD et al.—Motion to punish petitioners for contempt for willful failure to comply with this court's order, entered February 15, 1979 [67 AD2d 1109], which had directed compliance with the order of the State Division of Human Rights, dated October 13, 1977, is, in respect of that aspect of the alleged contempt having to do with failure to pay compensatory damages to the complainant Rita Rutherford, granted *ad interim* to the extent herein set forth and otherwise held in abeyance and, in respect of that aspect of the alleged contempt having to do with alleged failure to grant the complainant Rita Rutherford equal seniority with her male counterpart, it is denied, all without costs or disbursements. The basis for the complaint was that complainant had been discriminated against in employment by reason of her sex. Our prior disposition confirmed the

affirmance by the Human Rights Appeal Board of the basic order, and granted the cross motion of the Division of Human Rights for its enforcement. It is agreed that that aspect of the basic order directing that complainant be afforded a budget line equivalent to her male counterpart at the school of employment has been complied with. As to compensatory damage consisting of the salary difference between the two budget lines with 3% interest, the Corporation Counsel has commented: "3. With respect to the claim for damages (in an unliquidated amount), it appears that such damages are due to complainant, and will be paid to her, but that due to the fact this amount is unliquidated, and possibly in some measure to bureaucratic inertia, there has been undue delay on this score. I have been informed that if claimant could present her claim for a fixed amount, this might expedite matters, and in any event, this matter might be shortly resolved." The excuse is specious and not a reason at all for nonpayment. It comes on top of a statement made by a payroll clerk at the board of education that he knew of no order to have the payment made; this suggests bad faith. This allegation of contempt is proven by the Corporation Counsel's very admission of nonpayment, and no further factual statement at a hearing is required at this juncture. It is up to the board of education to make the first move to effectuate the payments, without further intervention by this court unless and until it should be absolutely necessary. Therefore, as to this aspect of contempt, the motion will be held in abeyance and an interim order be made requiring petitioners, within 60 days of service of a copy of our order, to supply to complainant and the Division of Human Rights the figure that would in their view represent compliance with the order as to payment of compensatory damage, and, in addition, to transmit to respondents a check for at least half that amount with interest thereon, in order to halt accrual of further interest on that portion so paid, and to submit therewith a statement setting forth clearly and unmistakably the bases for the calculation, and to make available to complainant and the division all source records thereof for inspection; that the complainant and the division shall have 30 days thereafter to accept or reject the petitioners' figures; that, if accepted, payment of the balance, with interest, shall be made within 30 days after a statement of acceptance shall have been received; that, if rejected, and the parties are unable to resolve their differences, acceptance of part payment shall not be a waiver hereunder, and request shall be made of the court for an appropriate direction to resolve such differences. If there is default in any part of this schedule, the motion should be granted upon proof of that fact to the court. The other allegation of contempt was first expressed to the office of legal services of the board of education in a letter dated January 25, 1980, stating a claim of further discrimination in violation of the basic order in that "although her seniority was directed by the order to coincide exactly with the seniority of her male counterpart, Richard Sanders, she has just been threatened with 'excessing' based on alleged difference in seniority. Upon information and belief, Mr. Sanders has been awarded a bonus of nine months' seniority based upon the period from September, 1973 to May, 1974 when he like Ms. Rutherford, was an 'Acting' Assistant Principal. No such additional seniority has been awarded to Ms. Rutherford." As to this, the Corporation Counsel has commented: "4. As to complainant's dispute with the respondents relating to seniority and her possible excessing, I am informed that in fact the respondents have complied with the State Division's order and credited complainant with the same seniority in title as Mr. Sanders (see Berger Affirmation, ¶ 13), but for purposes of excessing under the collective

bargaining agreement this does not give complainant retention rights equal to Mr. Sanders, since where, as here, parties have equal seniority in title reference is next had to seniority in the school system. 5. In any event, the question of complainant's and Sanders' rights in this regard do not appear so clearly governed by the State Division's order that this is an appropriate issue to determine in a motion to punish for contempt." This is a new complaint not theretofore raised, and not adverted to in the papers before the division; indeed, the basic facts had not yet come to pass. Certainly, it is not mentioned either specifically or by implication in the division's order, unless a general direction not to discriminate be deemed such. The Corporation Counsel seems to be correct in his statement in paragraph No. 5 that it is doubtful that this particular act comes within the 1977 order's purview. And the basic facts have not been established at a hearing. Interpreted, petitioners' position is that, while complainant is entitled to equal seniority with her male counterpart *in the job,* a collective bargaining agreement requires that, when it comes to excessing (i.e., lay off of excess personnel) selection is to be made on the basis of *over-all* seniority with the board of education. If this be so in fact, a different light may be put on the complaint and there is grave doubt whether this situation comes within the order. In any event, complainant is not and cannot be aggrieved unless and until excessing does actually take place, and she is laid off while her male counterpart is retained. And also, this question was not resolved in the proceeding at the division. Certainly, it could not have been part of the CPLR article 78 proceeding. Assuming that, on a factual presentation, it would actually present a case of discrimination, it appears that it is capable of being timely presented to the division as a complaint. Accordingly, as to this allegation of contempt, we deny the motion, but without prejudice to whatever new action complainant is advised to take by way of new complaint to the Division of Human Rights. Concur—Murphy, P. J., Birns, Fein, Sandler and Sullivan, JJ.